IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01 CR 6-MU

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RICHARD BRYAN ERNEST DAWKINS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Modify Supervision Conditions. For reasons given below, the motion is **DENIED.**

## BACKGROUND

The Defendant, Richard Dawkins, was convicted for Receipt of Child Pornography and Transportation of Child Pornography—both Class C felonies. This Court sentenced Mr. Dawkins to 60 months imprisonment and three years of supervised release. After being released from prison, Defendant violated the conditions of his supervised release, resulting in revocation of the release and a sentence of 18 months imprisonment followed by 18 months supervised release. Defendant was again released from prison and then violated the conditions of his supervised release, resulting in revocation and a sentence of six months imprisonment followed by 12 months of supervised release.

Among the conditions of Defendant's supervised release are the following two:

**Condition No. 9**: The defendant shall answer truthfully all inquiries by the probation officer.

> **Condition No. 26:** The defendant shall participate in a mental health and or sexual offender treatment program as directed by the U.S. probation office. The defendant shall comply with all recommended treatment which may include psychological and physiological testing, i.e., polygraph examinations, for the purposes of treatment and case monitoring.

In July of 2009, Mr. Dawkins was informed that he would have to take a polygraph examination the following month. Mr. Dawkins was advised by his counsel, Ms. Oseguera, to take the polygraph but to assert his Fifth Amendment right to refuse to answer questions that might implicate him in crimes for which he had not been convicted. Ms. Oseguera then informed the probation officer, Mr. Kent, that Mr. Dawkins would exercise his Fifth Amendment right. Mr. Kent allegedly said Mr. Dawkins would violate the conditions of his supervised release should he fail to answer relevant questions.

## **DISCUSSION**

The Motion to Modify the Conditions of Supervision is DENIED because Mr. Dawkins faces no harm should he violate the conditions of his supervise release by asserting his Fifth Amendment right; therefore, he lacks standing.

Under Article III of the Constitution, federal courts only have jurisdiction over "cases and controversies." U.S. CONST. art. III, § 2, cl. 1. A claim is therefore only justiciable if the "conflicting contentions of the parties . . . present a real, substantial controversy between parties having adverse legal interests, a dispute definite and concrete, not hypothetical or abstract." *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979) (quoting *Ry. Mail Ass'n v. Corsi,* 326 U.S. 88, 93 (1945)).

The standing doctrine "is an integral component of the case or controversy requirement." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). The constitutional standing doctrine has

three components: "(1) the plaintiff must allege that he or she suffered an actual or threatened injury that is not conjectural or hypothetical, (2) the injury must be fairly traceable to the challenged conduct; and (3) a favorable decision must be likely to redress the injury." *Id.* (citing *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). The party that asks the court to invoke jurisdiction over a claim "bears the burden of establishing standing." *Id.* (citing *FW/PBS, Inc. v. Dallas,* 493 U.S. 215, 231 (1990)).

Mr. Dawkins lacks standing because he cannot allege that he "suffered an actual or threatened injury." Under 18 U.S.C. §3583(e)(3), a Class C felon who violates the conditions of his supervised release cannot be required to serve more than two years in prison due to revocation. Mr. Dawkins has already had his supervised release revoked and subsequently served two years in prison. Even if Mr. Dawkins chooses to assert his Fifth Amendment right and refuses to answer all questions during the polygraph examination, Mr. Dawkins will not be sent back to prison; i.e., he will not suffer an injury. Further, the probations officer's assertion that Mr. Dawkins might violate the conditions of his supervised release does not forebear a threatened injury. In this case—in which revocation cannot lead to incarceration—the probation officer's assertion is merely an observation that speaks of no further consequences.

For these reasons, IT IS HEREBY ORDERED that Defendant's Motion to Modify the Conditions of Supervision is DENIED.

Signed: October 8, 2009

Graham C. Mullen
United States District Judge